UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ALTA VISTA PRODUCTIONS, L.L.C., ET AL.    CIVIL ACTION

VERSUS                                     NO. 10-1948

ST. PAUL FIRE & MARINE INSURANCE COMPANY   SECTION "S" (3)

## ORDER

On June 15, 2011, plaintiffs' Motion to Compel Discovery Response [Doc. #42] came on for oral hearing before the undersigned. Present were Erin Lanoux and Robert Percy on behalf of plaintiffs and Daniel Centner and Ralph Hubbard on behalf of defendant. After the oral hearing, the Court took the motion under advisement and ordered defendant to produce the disputed documents to the Court for *in camera* review. Having reviewed the motion, the opposition, the case law and the documents, the Court rules as follows.

The Court recognizes that case law in this district holds that, generally, reserve-loss information is discoverable when a party asserts a claim for bad faith in an insurance lawsuit. *See Culbertson v. Shelter Mut. Ins. Co.*, No. Civ. A. 97-1609, 1998 WL 743592, *1 (E.D. La. Oct. 21, 1998); *First Nat'l Bank of Louisville v. Lusting*, Civ. A. No. 87-5488, 1991 WL 236839, *2 (E.D. La. Oct. 30, 1991); *Brothers Petroleum, L.L.C. v. Underwriters at Lloyd's London*, Civ. A. No. 06-2836 (E.D. La. July 2, 2008) (Doc. #92). This case law holds that such information may lead to admissible evidence with respect to "the thoroughness with which [a] defendant investigated and

considered [a] plaintiff's" claim under an insurance policy. *Culbertson*, 1998 WL 743592, *1. Here, plaintiffs assert two claims of bad faith against defendant, one for delaying its initial payments and one for refusing to pay.

The Court's *in camera* review of the redacted documents reveals that the redacted information is irrelevant to defendant's investigation of plaintiffs' claim under the insurance policy here, the only way such information would be relevant under the above case law. The redacted information constitutes no more than a bare number reflecting defendant's estimate of potential exposure or defendant's post-facto comment on the bare number. The Court can not fathom how such information would lead to the discovery of admissible evidence as to defendant's investigation of plaintiffs' claims.

A mere estimate of potential loss has no import to defendant's investigation of plaintiffs' claims. It sheds no light on the extent of the investigation or the method used to investigate the claims. In contrast to the case law cited above, this Court has recognized that "reserves are contingent liabilities and insurers do not rely on reserves in computing any tender to the insured." *Felix's Rest., Inc. v. Aspen Specialty Ins. Co.*, Civ. A. No. 07-4290, 2008 WL 4747212 (E.D. La. Oct. 17, 2008) (citing *Arrow Trucking Co. v. Continental Ins. Co.*, 465 So.2d 691, 696 (La. 1985)). Because the redacted information here reflects the insurer's contingent liability and is irrelevant to its investigation of plaintiffs' claims, the Court finds that the redacted information is unlikely to lead to the discovery of admissible evidence. Accordingly,

**IT IS ORDERED** that the Motion to Compel Discovery Response [Doc. #42] is DENIED.

New Orleans, Louisiana, this 21st day of June, 2011.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**