UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALTA VISTA PRODUCTIONS, LLC AND ALTA VISTA PRODUCTIONS, INC. | CIVIL ACTION |
| VERSUS | NO: 10-1948 |
| ST. PAUL FIRE & MARINE INSURANCE COMPANY AND THE TRAVELERS COMPANIES, INC. | SECTION: "S" (3) |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Appeal Magistrate Judge's Order (Doc. #56) is **DENIED.**

BACKGROUND

Plaintiffs, Alta Vista Productions, LLC and Alta Vista Productions Inc. (collectively "Alta Vista"), filed this suit against St. Paul Fire & Marine Insurance Company and The Travelers Companies, Inc. (collectively "St. Paul"), to recover sums allegedly owed pursuant to an insurance policy that the defendants issued to plaintiffs to cover losses on the production of the motion picture, *The Expendables.* Alta Vista made three claims on the policies that resulted from the medical issues of two of the actors, Jason Statham and Sylvester Stallone. Alta Vista alleges that the insurers underpaid two of the claims, and improperly denied coverage for the third. Alta Vista also alleges that the insurers acted in bad faith in violation of Louisiana Revised Statutes §§ 22:1892 and 22:1913.

On February 22, 2011, Alta Vista propounded written discovery requests on St. Paul. St. Paul responded to the discovery requests on April 12, 2011, but withheld some documents and information. St. Paul produced a privilege log regarding the withheld information which indicated that some of that information was "loss reserve information." Alta Vista filed a motion to compel the production of the "loss reserve information," arguing that it is responsive to the requests for production that sought the production of any and all documents regarding the insurance claims, any and all documents exchanged between St. Paul and the insurance adjustor regarding the insurance claims, and all documents supporting St. Paul's refusal to pay the remainder of the amount of the alleged losses regarding the Jason Statham Cast Insurance Claim.

On June 15, 2011, the United States Magistrate Judge heard oral argument on Alta Vista's motion to compel, and ordered St. Paul to produce the withheld "loss reserve information" for *in camera* review. On June 21, 2011, the United States Magistrate Judge denied the motion to compel. In the order, he recognized that the jurisprudence in the United States District Court for the Eastern District holds that loss reserve information is generally discoverable when a party asserts a claim for bad faith, but he found that the:

> review of the redacted documents reveals that the redacted information is irrelevant to defendant's investigation of plaintiffs' claim under the insurance policy here, the only way such information would be relevant under the above case law. The redacted information constitutes no more than a bare number reflecting defendant's estimate of potential exposure or defendant's post-fact comment on the bare number. The Court cannot fathom how such information would lead to the discovery of admissible evidence as to defendant's investigation of plaintiff's claims.

> A mere estimate of potential loss has no import to defendant's investigation of plaintiff's claims. It sheds no light on the extent of the investigation or the method used to investigate the claims.

Alta Vista appealed the order to the United States District Judge. Alta Vista argues that loss reserve information is relevant to its bad faith claim because the adjustment of the reserve numbers is relevant to the insurer's state of mind in processing the claim. Alta Vista argues that it is particularly relevant with respect to the claim for which St. Paul denied coverage. Alta Vista contends that if St. Paul set a large reserve number, while denying coverage, it could lead to evidence that St. Paul acted in bad faith in denying the claim. Alta Vista also points out that St. Paul has not asserted attorney-client or work-product privilege with respect to the withheld loss reserve information.

St. Paul argues that Alta Vista cannot demonstrate that the United States Magistrate Judge's order was clearly erroneous because there is no rule that loss reserve information must be produced when there is a claim for bad faith. St. Paul argues that the loss reserve information is not relevant to plaintiffs' bad faith claim, which involves delayed payments of undisputed amounts.

## ANALYSIS

**A.      Standard for Review of United States Magistrate Judge's Discovery Orders**

An order issued by a magistrate judge concerning nondispositive pretrial matters is reviewed by the district court under the clearly erroneous standard. See Perales v. Sasilla, 950 F.2d 1066, 1070 (5th Cir. 1992); 28 U.S.C.A. § 636(b)(1)(A) (West 2009).

3

B.     **Discoverablity of Loss Reserve Information**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter not privilege that is relevant to the claim or defense of any party."

In <u>Brothers Petroleum, LLC v. Underwriters at Lloyd's London</u>, 2008 U.S. Dist. LEXIS 51389 (E.D. La. 7/2/08) (J. Lemmon) the court held that reserve information was discoverable when the plaintiff asserted a bad faith claim.  Specifically the court stated:

> A bad faith claims requires an analysis of whether the failure to pay the amount of a claim within 60 days after receipt of a satisfactory proof of loss was arbitrary, capricious or without probable cause, as determined by the facts and circumstance held by the insurer at the time of refusal.  The setting of reserves bears some relationship to the insurer's calculation of potential liability, and have been found to be discoverable when bad faith is asserted.

(citations omitted); <u>See also</u> <u>Culbertson v. Shelter Mut. Ins. Co.</u>, 1998 WL 743592 (E.D. La. 1998) (finding insurance reserve information discoverable when a claim for bad faith is asserted because it "may demonstrate or lead to admissible evidence with respect to the thoroughness which defendant investigated and considered plaintiff's . . . claim"); <u>see also</u> <u>First Nat'l Bank of Louisville v. Lustig</u>, 1991 WL 236839 (E.D. La. 1991); <u>Guaranty Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.</u>, 1992 WL 78387 (E.D. La. 1992).  The United States Court of Appeals for the Fifth Circuit has not ruled on whether reserve information is discoverable.

After reviewing the withheld reserve information, the Untied States Magistrate Judge found that it was not relevant to plaintiffs' particular bad faith claims.  This ruling was not clearly erroneous considering the content of the information withheld, plaintiffs' claims, and the law regarding the discoverability of reserve information.  Therefore, plaintiffs' motion is DENIED.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Appeal Magistrate Judge's Order (Doc. #56) is **DENIED.**

New Orleans, Louisiana, this 1st day of August, 2011.

_____
 **MARY ANN VIAL LEMMON
 UNITED STATES DISTRICT JUDGE**